IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ELIZABETH SAGI,                )
                               )
       Plaintiff,         )
                               )
vs.                            )   Case No. 14-cv-742-TLW
                               )
CAROLYN W. COLVIN,             )
Acting Commissioner of Social Security  )
Administration,                )
                               )
       Defendant.         )

## OPINION AND ORDER

Plaintiff Elizabeth Sagi seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423. In accordance with 28 U.S.C. § 636(c)(1) & (3), and Fed. R. Civ. P. 73, the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 11). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## INTRODUCTION

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor

substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

**ISSUES**

On appeal, plaintiff raises two issues: (1) that the ALJ failed to properly consider the opinion of her treating physician; and (2) that the ALJ's credibility findings are not supported by substantial evidence. (Dkt. 15).

**BACKGROUND**

Plaintiff, then a fifty-six year old female, completed her application for Title II benefits on January 4, 2012. (R. 132-35). Plaintiff initially alleged a disability onset date of October 1, 2011. (R. 132). Plaintiff claimed that she was unable to work due to symptoms and limitations associated with arthritis, "C5&C6 disc in neck," and depression. (R. 151). Plaintiff's claim for benefits was denied initially on April 5, 2012, and on reconsideration on November 16, 2012. (R. 53, 59-63, 55, 69-71). Plaintiff requested a hearing before an administrative law judge ("ALJ"), and the ALJ held the hearing on June 21, 2013.[1] (R. 26-47). The ALJ issued a decision on July 26, 2013, denying benefits and finding plaintiff not disabled. (R. 9-25). The Appeals Council denied review, and plaintiff appealed. (R. 1-5; dkt. 2).

---

[1] Plaintiff amended her alleged onset date at the hearing to October 12, 2011. Plaintiff's attorney reasoned that plaintiff "[a]t that time, she's [fifty-seven] years old," and would "grid out at 201.14" due to her impairments. (R. 29). The ALJ's decision reflects the October 1, 2011 alleged onset date. (R. 12). Plaintiff is incorrect, because 201.14 is the category for "Closely approaching advanced age." Either way, at fifty-six years old at her application date, plaintiff is in the "Advanced age" category of Table No. 1 of Appendix 2 to Subpart P of Part 404, or "the Grids," and plaintiff did not challenge this scrivener's error on her alleged onset date.

**The ALJ's Decision**

The ALJ found that plaintiff was insured for Title II benefits through September 30, 2012. (R. 14). Plaintiff had not performed any substantial gainful activity since her alleged onset date of October 1, 2011, through her date last insured. Id. At step two, the ALJ found that plaintiff had the severe impairments of "degenerative disc disease of the cervical spine, degenerative joint disease of the knees, status post left knee arthroscopy, and obesity." Id. The ALJ determined that plaintiff's "mild degenerative changes of the scaphoid," chronic obstructive pulmonary disease (COPD), depression, and anxiety were all non-severe impairments that only slightly impacted her ability to work. Id. The ALJ analyzed the "paragraph B" criteria to determine that plaintiff's "medically determinable mental impairments of depression and anxiety" caused only mild limitation in the areas of activities of daily living, social functioning, and concentration, persistence, and pace, with no episodes of decompensation; therefore he determined that her depression was also a non-severe impairment. (R. 15-16).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal a listed impairment. (R. 16). Therefore, after reviewing plaintiff's testimony, the medical evidence, and other evidence in the record, the ALJ concluded that plaintiff retained the RFC to

> lift and carry 10 pounds frequently and 20 pounds occasionally. She could stand and walk 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. She should avoid work above shoulder level.

Id. At step four, the ALJ found that plaintiff was capable of performing her past relevant work as a store manager and a cashier/checker, and that the demands of both jobs did not exceed her RFC. (R. 20). Because he found that plaintiff could return to her past relevant work, the ALJ determined that she was not disabled. Id.

**ANALYSIS**

<u>Treating Physician's Opinion</u>

The record shows that James S. Stauffer, D.O. of OMNI Medical Group/St. John Owasso was plaintiff's treating physician from October 2009 to September 2013. (R. 224-27, 228-381, 408-18, 419-20, 421-54, 456, 457, 460). During that time, Dr. Stauffer treated plaintiff and referred her to many specialists to address a number of complaints ranging from normal allergies to chronic back and neck pain, knee pain, and arthritis. <u>Id.</u> Dr. Stauffer completed a "Medical Source Opinion of Residual Functional Capacity" form[2] on June 17, 2013, opining that plaintiff could stand and/or walk less than two hours during an eight hour workday; and frequently lift and/or carry less than ten pounds during an eight hour workday, noting that obesity exacerbated her condition. (R. 457). Dr. Stauffer further opined that plaintiff would not be able to "understand and remember detailed instructions" or "maintain attention and concentration for extended periods in order to perform detailed tasks" for fifty percent or more of an eight hour day. <u>Id.</u> Dr. Stauffer listed "X-Ray, MRI, CT Scans" as the medical findings that supported his opinion. <u>Id.</u>

Plaintiff primarily argues that the ALJ wrongly rejected Dr. Stauffer's opinion that plaintiff could not carry more than ten pounds because he applied his own interpretation to plaintiff's July 1, 2011 cervical spine MRI. (Dkt. 15 at 4).

Ordinarily, a treating physician's opinion is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); <u>see</u> <u>also</u> <u>Hackett v. Barnhart</u>, 395 F.3d at 1173-74 (citing <u>Watkins v. Barnhart</u>,

---

[2] This appears to be an attorney generated form, not an official Social Security form. (R. 457).

4

350 F.3d 1297, 1300-01 (10th Cir. 2003)). If the ALJ discounts or rejects a treating physician opinion, he is required to explain his reasoning for so doing. See Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987) (stating that an ALJ must give specific, legitimate reasons for disregarding a treating physician's opinion); Thomas v. Barnhart, 147 F. App'x 755, 760 (10th Cir. 2005) (holding that an ALJ must give "adequate reasons" for rejecting an examining physician's opinion and adopting a non-examining physician's opinion). The reasons must be of sufficient specificity to make clear to any subsequent reviewers the weight the adjudicator gave to the treating physician's opinion and the reasons for that weight. See Anderson v. Astrue, 319 F. App'x 712, 717 (10th Cir. 2009) (unpublished).[3]

Here, it does appear that the ALJ inserted his own interpretation of medical evidence in place of a treating source opinion without any supporting evidence. That is reversible error. McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002) ("[A]n ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion*." (emphasis in original)). On remand, the ALJ should explain in more detail his reason for rejecting Dr. Stauffer's opinion and take care not to apply his own interpretation to plaintiff's MRI or make clear the basis for his conclusions as they relate to plaintiff's MRI.

## CONCLUSION

For the foregoing reasons, the ALJ's decision finding plaintiff not disabled is **REVERSED and REMANDED** for further proceedings consistent with this Opinion and Order.

---

[3] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

The ALJ is free to re-evaluate those portions of his decision which are not addressed herein if warranted.

    SO ORDERED this 31st day of March, 2016.

                                          T. Lane Wilson
                                          United States Magistrate Judge